**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-CR-155-LRR |
| Plaintiff, | |
| vs. | **ORDER** |
| JAMES HOWARD BENTLEY, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    *A.   The Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    *B.   Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

## *I. INTRODUCTION*

The matter before the court is Defendant James Howard Bentley's Motion for Change of Venue or Transfer of Trial ("Motion") (docket no. 14).

## II. PROCEDURAL HISTORY

On November 17, 2006, Defendant was charged in a four-count Indictment.[1] Count 1 charges that, in or about the first half of 2004, Defendant knowingly possessed and attempted to possess one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct, said visual depictions having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely, a Polaroid camera and Polaroid film, which were manufactured outside the State of Iowa, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count 2 charges that, in or about the first half of 2004, Defendant knowingly possessed and attempted to possess one or more visual depictions of an infant minor engaged in sexually explicit conduct, said visual depictions having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely a Polaroid camera and Polaroid film, which were manufactured outside the State of Iowa, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count 3 charges that, in or about the first half of 2004, Defendant knowingly transported in interstate commerce one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1). Count 4 charges that, in or about the first half of 2004, Defendant knowingly transported in interstate commerce one or more visual depictions of an infant minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1).

On December 18, 2006, Defendant filed the instant Motion. On December 21, 2006, the government filed its Resistance to Defendant's Motion.

---

[1] On January 10, 2007, the grand jury returned a Superseding Indictment against Defendant which added two counts. Because the Superseding Indictment was filed after Defendant's Motion and does not appreciably change the charges in the Counts 1, 2, 3, and 4 of the original Indictment, the court will rely on the original Indictment for purposes of this order.

## III. ANALYSIS

### A. The Parties' Arguments

Defendant faces criminal charges of sexual abuse in the second degree in cases filed in Linn County and Benton County, Iowa. According to Defendant, the state and federal charges relate to J.G., a minor child, who was murdered in 2005. Defendant claims that the instant federal case should be transferred to another venue due to the "ongoing and detailed media saturation" relating to his criminal charges in state court. Defendant contends that the "bombardment of newspaper and television attention" over the past year-and-a-half creates so great a prejudice that without a change in venue, he could not receive a fair and impartial trial. Defendant argues that, because a state court judge transferred trial of his state charges to Clarke County, Iowa, "it is apparent that this cause must be transferred." Defendant cites to no case law in support of his motion and fails to cite case law that supports an adverse finding.

In its Resistance, the government contends that "Defendant has failed to demonstrate the publicity surrounding this case has not (sic) been so extensive or corrupting to justify moving the trial." The government asserts that Defendant's case is not one of the rare cases in which a presumption of prejudice exists.

### B. Legal Analysis

Rule 21(a) of the Federal Rules of Criminal Procedure provides:

> (a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

"It is a fundamental tenet of due process that a defendant is entitled to have his guilt determined by a fair and impartial jury." *United States v. Green*, 983 F.2d 100, 102 (8th Cir. 1992). The burden of proving that venue should be changed due to pretrial publicity

lies with Defendant. *United States v. Delay*, 500 F.2d 1360, 1365 (8th Cir. 1974). "A pretrial venue change is called for only in those situations where the pretrial publicity in a community is so extensive and inflammatory as to raise a presumption that an impartial jury could not be seated there." *United States v. Bliss*, 735 F.2d 294, 298 (8th Cir. 1984). Defendant must show that "there exists in the district so great a prejudice against [him] that he cannot obtain a fair trial. . . ." *United States v. Buttorff*, 572 F.2d 619, 627 (8th Cir. 1978).

The Eighth Circuit Court of Appeals has formulated a two-tiered analysis for evaluating a defendant's request for change of venue based on pretrial publicity. *United States v. Blom*, 242 F.3d 799, 803 (8th Cir. 2001). Initially, the court must determine "whether the pretrial publicity was so extensive and corrupting" that "'unfairness of a constitutional magnitude'" is presumed. *United States v. Nelson*, 347 F.3d 701, 707 (8th Cir. 2003) (quotation and citation omitted); *see also United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002); *Blom*, 242 F.3d at 803. If a presumption of prejudice is not warranted, the court then conducts a second-tier analysis. *Allee*, 299 F.3d at 1000. At the second-tier, the court must evaluate the voir dire testimony of the trial jurors to determine "if they demonstrated such actual prejudice that it was an abuse of discretion to deny a timely change-of-venue motion." *Id*. (quotation and citation omitted); *see also, Allee*, 299 F.3d at 1000; *Blom*, 242 F.3d at 803.

Defendant contends that his is a first-tier case. He asserts that, although his federal case has only "mustered" two or three newspaper articles and brief television coverage, the circumstances surrounding his charges in state court have resulted in a "bombardment" of media attention. Defendant claims that United States Senator Charles Grassley's proposed federal legislation regarding sex offenders has further increased the media coverage of Defendant and his alleged offenses. However, "the mere existence of press coverage . . . is not sufficient to create a presumption of inherent prejudice and thus

4

warrant a change of venue." *Allee*, 299 F.3d at 1000. To succeed in his Motion, Defendant must show that the media attention was "inflammatory or accusatory." *See id*. Despite Defendant's bald assertion that "it [is] not simply the quantity of media saturation but the inflammatory tone and nature" of the publicity, he has not made the substance of the media coverage available to the court and he points to no specific instances in which the pretrial publicity was so inflammatory or accusatory as to create "a trial atmosphere . . . utterly corrupted by press coverage." *See Blom*, 242 F.3d at 804 (quoting *Murphy v. Florida*, 421 U.S. 794, 798 (1975)). Defendant has not shown that his case is one of the rare cases for which a "presumption of inherent prejudice is reserved." *See id*. (noting that because extensive media coverage is tolerated and encouraged, "the presumption of inherent prejudice is reserved for rare and extreme cases"). The court finds that Defendant has failed to prove that pre-trial publicity inherently prejudiced his case, and, therefore, his is not a first-tier case requiring a change of venue.

Defendant's Motion is not ripe for an evaluation under the second-tier because voir dire has not occurred; thus, the court will not endeavor to undertake such evaluation. *See Green*, 983 F.2d at 102 (noting that the Eighth Circuit Court of Appeals "has often stated that it is preferable for the trial court to await voir dire before ruling on motions for a change of venue"). Accordingly, the court shall deny Defendant's Motion, but will allow Defendant to re-assert his request for a change of venue following jury selection. Upon Defendant's renewed motion, the court will evaluate the juror testimony to determine whether the pretrial publicity prevents the jurors from rendering a verdict based solely on the evidence presented during trial.

## IV. CONCLUSION

**IT IS SO ORDERED:**

(1) The court **DENIES** Defendant James Howard Bentley's Motion for Change of Venue or Transfer of Trial (docket no. 14), without prejudice to refile his request to change venue or transfer his case following voir dire and

(2) The period between the filing of Defendant's Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 29th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA