**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 06-CR-155-LRR |
| vs. | ‖ | **ORDER** |
| JAMES HOWARD BENTLEY, | ‖ | |
| Defendant. | ‖ | |

_____

*TABLE OF CONTENTS*

I.     **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.    **PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

III.   **ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

     *A.*     *Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

     *B.*     *Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
         *1.*     *Indictment vagueness* . . . . . . . . . . . . . . . . . . . . . . . . . . **3**
         *2.*     *Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

IV.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

# I.  INTRODUCTION

The matter before the court is Defendant James Howard Bentley's Motion to Quash Indictment and Motion to Dismiss ("Motion") (docket no. 15).

# II.  PROCEDURAL HISTORY

On November 17, 2006, Defendant was charged in a four-count Indictment.[1]  Count 1 charges that, in or about the first half of 2004, Defendant knowingly possessed and attempted to possess one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct, said visual depictions having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely, a Polaroid camera and Polaroid film, which were manufactured outside the State of Iowa, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Count 2 charges that, in or about the first half of 2004, Defendant knowingly possessed and attempted to possess one or more visual depictions of an infant minor engaged in sexually explicit conduct, said visual depictions having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely a Polaroid camera and Polaroid film, which were manufactured outside the State of Iowa, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Count 3 charges that, in or about the first half of 2004, Defendant knowingly transported in interstate commerce one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1).  Count 4 charges that, in or about the first half of 2004, Defendant knowingly transported in interstate commerce one or more visual depictions of an infant minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(1).

---

[1]On January 10, 2007, the grand jury returned a Superseding Indictment against Defendant which added two counts.  Because the Superseding Indictment was filed after Defendant's Motion and does not appreciably change the charges in the Counts 1, 2, 3, and 4 of the original Indictment, the court will rely on the original Indictment for purposes of this order.

Defendant filed the instant Motion on December 20, 2006. On December 21, 2006, the government filed its Resistance to Defendant's Motion.[2]

## III. ANALYSIS

### A. Parties' Arguments

Defendant asserts that the Indictment against him is defective pursuant to Federal Rule of Criminal Procedure 7(c)(1) in that it is vague and, therefore, prevents him from offering a defense. Defendant additionally claims that, because the government does not possess the alleged camera, film or pictures that traveled through interstate commerce, "there is no interstate nexus to invoke federal jurisdiction."

In its Resistance, the government claims that Defendant's Motion challenges the sufficiency of the evidence against him and, therefore, is premature. The government asserts that the "question of whether the . . . evidence will establish the elements of the charged offenses is ultimately a question for the trier of fact."

### B. Legal Analysis

#### 1. Indictment vagueness

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) (citing *United States v. Wessels,* 12 F.3d 746, 750 (8th Cir. 1993)). Generally, an Indictment is insufficient only if it omits "'an essential element of substance.'" *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988)).

---

[2] In its discretion, the court decided not to hold a hearing on the Motion. *See United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998) ("Whether to hold an evidentiary hearing and whether to grant a pre-trial motion to dismiss an indictment are matters within the trial court's discretion.").

Counts 1[3] and 2[4] charge Defendant with violations of 18 U.S.C. § 2252A(a)(5)(B).

A person violates 18 U.S.C. § 2252A(a)(5)(B) when he:

> knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. . . .

Count 1 charges Defendant with the following:

> In or about the first half of 2004, in the Northern District of Iowa, [D]efendant . . . knowingly possessed and attempted to possess one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct, said visual depiction(s) having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely, a Polaroid camera and Polaroid film, which were manufactured outside the [S]tate of Iowa.

Count 2 charges Defendant with the following:

> In or about the first half of 2004, in the Northern District of Iowa, [D]efendant . . . knowingly possessed and attempted to possess one or more visual depictions of an infant minor engaged in sexually explicit conduct, said visual depiction(s) having been produced using materials that had been shipped and transported in interstate and foreign commerce, namely, a Polaroid camera and Polaroid film, which were manufactured outside the [S]tate of Iowa.

---

[3] Count 1 is Count 3 of the Superseding Indictment.

[4] Count 2 is Count 4 of the Superseding Indictment.

Counts 1 and 2 of the Indictment against Defendant track the language of 18 U.S.C. § 2252A(a)(5)(B) and, therefore, are sufficient to advise him of the charges against him.

Counts 3[5] and 4[6] charge Defendant with violations of 18 U.S.C. § 2252A(a)(1). A person violates 18 U.S.C. § 2252A(a)(1) when he "knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography." "Child pornography" is defined as follows:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> > (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
> >
> > (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
> >
> > (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8). Count 3 charges Defendant with the following:

> In or about the first half of 2004, in the Northern District of Iowa and elsewhere, [D]efendant . . . knowingly transported in interstate commerce one or more visual depictions of a prepubescent minor engaged in sexually explicit conduct.

---

[5] Count 3 is Count 5 of the Superseding Indictment.

[6] Count 4 is Count 6 of the Superseding Indictment.

Count 4 charges Defendant with the following:

> In or about the first half of 2004, in the Northern District of Iowa and elsewhere, [D]efendant . . . knowingly transported in interstate commerce one or more visual depictions of an infant minor engaged in sexually explicit conduct.

Counts 3 and 4 of the Indictment against Defendant track the language of 18 U.S.C. § 2252A(a)(1) and, therefore, are sufficient to advise him of the charges against him. Accordingly, Defendant's assertion that the Indictment against him is vague and prevents him from asserting a defense is meritless.

### 2. *Jurisdiction*

Defendant asserts that, because the government does not have possession of the Polaroid camera or film in Counts 1 and 2 or the pictures in Counts 3 and 4, it does not have federal jurisdiction to bring the Indictment against him. He claims that the Indictment is, therefore, fatally defective. This argument is essentially an attack on the sufficiency of the evidence, which is prematurally raised. "It is well settled that an indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" *United States v. Roach*, 28 F.3d 729, 739 (8th Cir. 1994) (citing *United States v. Calandra,* 414 U.S. 338, 345 (1974)). Defendant does not assert that the grand jury which returned the Indictment against him was either illegally established or biased. "The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal . . . ." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). The court will instruct the jury that, if the government is unable to prove any element of a charge against Defendant, they must find Defendant not guilty of that charge. *See* Eighth Circuit Model Jury Instruction 3.05 (2005). The question of whether the evidence presented by the government during trial is sufficient to establish each of the elements of the charged offenses is for the jury to determine. Therefore, it is premature

for Defendant to challenge the sufficiency of the evidence to support the charges against him in the Indictment. Accordingly, the court shall deny Defendant's Motion.

## *IV. CONCLUSION*

**IT IS SO ORDERED:**

(1)      The court **DENIES** Defendant James Howard Bentley's Motion to Quash Indictment and Motion to Dismiss (docket no. 15) and

(2)      The period between the filing of Defendant's Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 29th day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA