**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HOWARD BENTLEY,<br><br>Defendant. | No. 06-CR-155-LRR<br><br>**ORDER** |

*TABLE OF CONTENTS*

I.   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . *2*

III. *ARGUMENTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
     A.   *Government's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
          1.   *Evidence the government seeks to admit* . . . . . . . . . . . . . . *2*
          2.   *Evidence the government seeks to exclude* . . . . . . . . . . . . *3*
     B.   *Defendant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

IV.  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     A.   *Evidence the Government Seeks to Admit* . . . . . . . . . . . . . . . . . *4*
     B.   *Evidence the Government Seeks to Exclude* . . . . . . . . . . . . . . . . *7*
          1.   *Hearsay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
          2.   *Rule of completeness* . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
          3.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

V.   *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*I. INTRODUCTION*

The matter before the court is the government's sealed Motion to Admit Inculpatory Portions and Exclude Self-Serving Hearsay Portions of Defendant's Prior Statements ("Motion") (docket no. 47).

## II.  RELEVANT PROCEDURAL HISTORY

On February 5, 2007, the government filed the Motion.  On February 9, 2007, the court held a hearing on the Motion ("Hearing").  Assistant United States Attorney Sean R. Berry represented the government.  Attorney Mark R. Brown represented Defendant. Defendant was personally present at the Hearing.  On the same date, Defendant filed a Post-Hearing Memorandum to the Court.

## III.  ARGUMENTS

### A.  Government's Arguments

The Motion pertains to Defendant's upcoming trial for producing, possessing and transporting child pornography.[1]  The government seeks to admit in part and exclude in part some of Defendant's prior statements.  Defendant allegedly made the statements to his wife, his wife's aunt and his step-brother when he allegedly possessed pornographic Polaroid pictures ("Pictures") of a ten-year-old girl, J.G., and J.G.'s infant sister.

#### 1. *Evidence the government seeks to admit*

The government seeks a pre-trial ruling that several statements Defendant purportedly made to his wife, his wife's aunt and his step-brother are admissible at trial. Defendant allegedly made the statements while he was in Arkansas between April of 2004 and May of 2004.  The government seeks to admit the following four statements that Defendant allegedly made to his wife:

>    A.   He found the Pictures under the air conditioner.
>
>    B.   "He did not know where the [P]ictures came from."
>
>    C.   He *would* mail the Pictures back to the mother of the depicted children.

---

[1] Due to the number of pretrial motions in this case, the court shall not reiterate the charges in the Indictment or the facts of the case herein.

2

D. He mailed the Pictures back to the mother of the depicted children.[2]

The government also seeks to admit the following statements that Defendant allegedly made to his wife's aunt:

E. He found the Pictures under an air conditioner during the move from Iowa to Arkansas.

F. He brought the Pictures from Iowa to Arkansas to burn them.

Further, the government seeks to admit the following statement that Defendant allegedly made to his step-brother:

G. He found the Pictures as he was packing to move to Arkansas.

The government argues that all of these statements are relevant to the elements of the offense. It argues that the statements are not hearsay because they will not be offered to prove the truth of the matter asserted and, alternatively, even if the statements were offered for their truth, they would be admissible non-hearsay statements under Federal Rule of Evidence 801(d)(2)(A).

### 2. *Evidence the government seeks to exclude*

The government seeks to exclude four statements that Defendant allegedly made to the same individuals during the same time period. The government seeks to exclude from trial the following statement that Defendant purportedly made to his wife:

H. The Pictures "had to be Roger's."

The government also seeks to exclude the following statement that Defendant allegedly made to his wife's aunt:

I. He thought the pictures belonged to his brother, Roger.

---

[2] Defendant allegedly made Statement D to his wife in May of 2004 during the trip back from Arkansas to Iowa.

3

Further, the government seeks to exclude the following statements that Defendant allegedly made to his step-brother:

        J.        He believed the Pictures belonged to his brother.

        K.       He planned to confront his brother about the Pictures when he returned to Iowa someday.

The government argues that these four statements are inadmissible because they are "self-serving" hearsay. In addition, the government argues that the statements lack foundation and are speculative.

### B. Defendant's Arguments

Defendant's response to the government's arguments is to say that he "does not dispute the validity of the case law in the [g]overnment's [Motion] or the legal standards offered." Defendant invokes the "rule of completeness" and argues that to allow testimony about certain statements and exclude other statements, which were made by Defendant during the same conversation, will "confuse the jury and restrict counsel's ability to offer meaningful cross examination."

## IV. ANALYSIS

### A. Evidence the Government Seeks to Admit

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Generally, relevant evidence is admissible at trial. Fed. R. Evid. 402. However, relevant evidence may be excluded under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

4

To prove sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), as charged in Counts 1 and 2 of the Indictment, the government must prove the following:[3]

> *One*, in or about the fall of 2003, the female referenced in the Count [Count 1 - J.G.; Count 2 - J.G.'s infant sister] was under the age of eighteen years;
>
> *Two,* Defendant used, persuaded or induced the female [Count 1 - J.G.; Count 2 - J.G.'s infant sister] to engage in sexually explicit conduct;
>
> *Three*, Defendant voluntarily and intentionally did this for the purpose of producing at least one visual depiction of such conduct; and
>
> *Four*, at least one visual depiction of such conduct was produced using a camera or film that had been shipped or transported in interstate or foreign commerce.

*See* 18 U.S.C. § 2251(a); Ninth Circuit Model Criminal Jury Instruction 8.150 (2003); Eighth Circuit Model Criminal Jury Instruction 3.09 (2005); *see also United States v. Danny Lee Raplinger*, No. 05-CR-49-LRR (N.D. Iowa 2006) (docket no. 108, final jury instruction no. 11); *United States v. David Evan Starr*, No. 06-CR-13-LRR (N.D. Iowa 2006) (docket no. 80, final jury instruction no. 10).

To prove possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in Counts 3 and 4 of the Indictment, the government must prove the following:

> *One*, in or about the fall of 2003 and the first half of 2004, Defendant knowingly possessed one or more visual depictions of a minor [Count 3 - J.G.; Count 4 - J.G.'s infant sister] engaged in sexually explicit conduct;

---

[3] Defendant is also charged with attempt in Counts 1, 2, 3 and 4 of the Indictment. For the purposes of this order, the court finds it unnecessary to address the attempt allegations.

> *Two*, Defendant knew the visual depiction or depictions under consideration were of a minor engaged in sexually explicit conduct, and
>
> *Three*, the visual depiction or depictions under consideration had been produced using a camera or film that had been transported in interstate or foreign commerce.

*See* 18 U.S.C. § 2252A(a)(5)(B); Eighth Circuit Model Criminal Jury Instructions 3.09 & 6.18.2252A (2005); *see also Raplinger*, No. 05-CR-49-LRR (final jury instruction no. 15); *Starr*, No. 06-CR-13-LRR (final jury instruction no. 15); Ninth Circuit Model Criminal Jury Instruction 8.154 (2003) (jury instruction for possession of child pornography under 18 U.S.C. § 2252); *United States v. Romm*, 455 F.3d 990, 1004 n.18 (9th Cir. 2006) (approving of model instruction 8.154 for use in cases involving possession of child pornography in violation of 18 U.S.C. § 2252A, and explaining that § 2252 and § 2252A are "materially the same").

To prove interstate transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), as charged in Counts 5 and 6 of the Indictment, the government must prove the following:

> *One*, in the first half of 2004, Defendant knowingly transported in interstate commerce one or more visual depictions of a minor [Count 5 - J.G.; Count 6 - J.G.'s infant sister] engaged in sexually explicit conduct; and
>
> *Two*, Defendant knew the visual depiction or depictions under consideration were of a minor engaged in sexually explicit conduct.

*See* 18 U.S.C. § 2252A(a)(1); *see also* Eleventh Circuit Model Criminal Jury Instruction 75.3 (2003).

To prevail on Counts 1 and 2, the government must prove that at least one visual depiction was produced. The alleged fact that Defendant possessed child pornography and

6

discussed it with his wife, his wife's aunt and his step-brother make it more probable that he produced some child pornography.

To prevail on Counts 3, 4, 5 and 6, the government must prove Defendant had knowledge that the depictions were of a minor engaged in sexually explicit conduct and that he acted knowingly when he possessed and transported the Pictures. Defendant's prior statements to his wife, his wife's aunt and his step-brother about where he found the Pictures (Statements A, E and G); his statement to his wife that "he did not know where the [P]ictures came from" (Statement B); and his statement to his wife's aunt about bringing the Pictures to Arkansas to burn them (Statement F) are each relevant to show that Defendant acted knowingly when he possessed and transported the Pictures. Moreover, Defendant's statements to his wife that he would mail the Pictures back to the children's mother (Statement C) and that he had, in fact, mailed them (Statement D) are relevant to show Defendant knowingly transported the Pictures across state lines.

The probative value of each of these statements outweighs the risk of prejudice of each. *See* Fed. R. Evid. 403. Statements A, B, C, D, E, F and G are all admissible.

### B. *Evidence the Government Seeks to Exclude*

The government seeks to exclude statements Defendant allegedly made to his wife, his wife's aunt and his step-brother about Roger Bentley (Statements H, I, J and K) on hearsay grounds. Therefore, the court shall examine the hearsay rules. *See* Fed. R. Evid. 801-807.

#### 1. *Hearsay*

Statements H, I, J and K are inadmissible under the hearsay rules. *See* Fed. R. Evid. 801(c) (providing that hearsay is an out-of-court statement that is offered for the truth of the matter asserted); Fed. R. Evid. 802 (providing that hearsay is generally inadmissible).

7

According to the government, Defendant will seek to admit these statements to show that the Pictures belonged to Roger Bentley.  That is, he will seek to admit evidence that, in April or May of 2004, he told his wife, his wife's aunt and his step-brother variations of the idea that the Pictures belonged to Roger Bentley to prove that the Pictures did, indeed, belong to Roger Bentley.  Such testimony would imply that Roger Bentley, rather than Defendant, produced the Pictures and that Defendant innocently possessed them.  The court finds that Statements H, I, J and K meet the definition of hearsay.  *See* Fed. R. Evid. 801(c).  Therefore, the statements are inadmissible unless they fit under one of the exceptions in Federal Rule of Evidence 803.  *See* Fed. R. Evid. 803 (providing twenty-three hearsay exceptions).

Defendant has failed to mention any hearsay exception which might apply in this instance, and the court can find none.  Therefore, the court shall exclude Statements H, I, J and K from the trial evidence.  The government's Motion shall be granted in this regard.

### *2. Rule of completeness*

Defendant invokes a so-called "rule of completeness" and argues that it would not be fair to exclude Defendant's prior statements regarding Roger Bentley while allowing the admission of the inculpatory statements.  Defendant argues generally that, in order to have meaningful cross examination, he should be allowed to ask any witness the following: "[A]nd did [] Defendant respond or tell you this?"  For the sake of completeness, he argues, the statements must all be admitted into evidence.

Federal Rule of Evidence 106 is often referred to as a rule of completeness.  *See United States v. Ramos-Caraballo*, 375 F.3d 797, 802 (8th Cir. 2004) (citing the Advisory Committee Notes to Rule 106 and stating that it is a "rule of completeness").  That rule provides:  "When a *writing or recorded statement* or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other

writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106 (emphasis added). Rule 106 is "limited to writings." *Ramos-Caraballo*, 375 F.3d at 803 (quoting *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987)); *see also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) (explaining that the trial court should have permitted witness rehabilitation via the admission of the witness's pre-trial corroborative declarations in a letter after adverse examination had implicitly accused the witness of recent fabrication). Here, neither party seeks to admit a "writing or recorded statement." Fed. R. Evid. 106. Therefore, insofar as Defendant invokes Federal Rule of Evidence 106, his argument fails.

In addition to Federal Rule of Evidence 106, there is also a common law rule of completeness. The common law doctrine of completeness is only *partially* codified in Rule 106. *See Beech Aircraft Corp.*, 488 U.S. at 171-72 ("The Federal Rules of Evidence have partially codified the doctrine of completeness in Rule 106 . . . ."); *see also United States v. Moussaoui*, 382 F.3d 453, 481 (4th Cir. 2004) (explaining that the "common law 'rule of completeness' is partially codified in [Rule 106]"). At common law, "the opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." 7 John Henry Wigmore, *Evidence in Trials at Common Law* § 2113, at 653 (Chadbourn rev. 1978).

Here, even if Defendant is invoking the common law rule of completeness, his argument fails because there is minimal danger of incompleteness. For example, each of Defendant's alleged prior statements to his step-brother, that is, Statements G, J and K, can stand alone. In other words, there is minimal risk that the jury will not understand testimony that, while in Arkansas, Defendant told his step-brother that he found the Pictures while he was packing to move from Iowa to Arkansas (Statement G). Likewise, the statements Defendant allegedly made to his wife and his wife's aunt regarding the

9

Pictures, that is, Statements A, B, C, D, E and F, are each "complete" standing alone. Statements H and I, the statements Defendant allegedly made to his wife and his wife's aunt regarding Roger Bentley, are not necessary to make the inculpatory statements complete, despite the fact that Defendant made all of the statements during the same conversation or during a conversation that was close in time to the one in which Defendant made the inculpatory statements.

Moreover, the common law rule of completeness does not cure the hearsay problems involved with Statements H, I, J and K. In *United States v. Edwards*, 159 F.3d 1117, 1126-27 (8th Cir. 1998), the defendants invoked the rule of completeness and argued that the district court erred in prohibiting "cross-examination to establish that an out-of-court admission was *exculpatory* as to one or more codefendants." *Edwards*, 159 F.3d at 1126-27 (emphasis in original). The Eighth Circuit Court of Appeals rejected the defendants' arguments, in part, because "exculpatory out-of-court declarations are not admissible hearsay . . . ." *Id.* (citing *Williamson v. United States*, 512 U.S. 594 (1994)); *see also United States v. Shaver*, No. 02-2259, 89 Fed. Appx. 529, 533, 2004 WL 376854, *3 (6th Cir. Feb. 27, 2004) (unpublished) ("Exculpatory hearsay may not come in solely on the basis of completeness."); *United States v. Gallagher*, No. 01-3078, 57 Fed. Appx. 622, 629, 2003 WL 179994, *5 (6th Cir. Jan. 24, 2003) (unpublished) (holding that the trial court "properly concluded" that it was appropriate to exclude the self-serving portion of the defendant's statement as inadmissible hearsay and stating that "the self-serving sections of [defendant's] statement were inadmissible hearsay unaffected by Rule 106"). Therefore, even if the common law rule of completeness suggested Statements H, I, J and K were admissible, the statements still must be excluded from evidence due to the hearsay rules. *See, e.g.*, *Ramos-Caraballo*, 375 F.3d at 803 ("We have held that 'Rule 106, the rule of completeness, which is limited to writings,' does not 'empower[] a court to admit unrelated hearsay in the interest of fairness and completeness

10

when that hearsay does not come within a defined hearsay exception.'" (quoting *Woolbright*, 831 F.2d at 1395 (alteration in *Ramos-Caraballo*))).

In some cases which did not involve the rule of completeness, the Eighth Circuit Court of Appeals determined that the admission of prior statements is necessary to clear-up confusion created on cross-examination. *See United States v. Pierson*, 101 F.3d 545, 546 (8th Cir. 1996) ("[W]e believe the misleading cross-examination [by defense counsel] opened the door to the Government's limited use of the suppressed evidence to bring out [the defendant's] complete statements about the handguns and the cocaine."); *United States v. Womochil*, 778 F.2d 1311, 1315 (8th Cir. 1985) ("This court has repeatedly allowed the use of otherwise inadmissible evidence on redirect examination to clarify or complete an issue opened up by defense counsel on cross-examination."); *see also Harris v. New York*, 401 U.S. 222, 225-26 (1971) (determining that a defendant who has testified falsely at trial may be impeached with statements that had been suppressed prior to the trial). In other situations, the Eighth Circuit Court of Appeals has approved of the admission of a portion of a witness's statement. *See, e.g.*, *United States v. Chase*, 451 F.3d 474, 480 (8th Cir. 2006) (examining Rule 804(b)(3) and stating that "[o]nly the portions of an unavailable witness's statement that genuinely inculpate her are admissible"). Here, as stated above, at this pre-trial stage of the case, the court finds minimal risk of incompleteness or confusion if the court admits Statements A, B, C, D, E, F and G, and excludes Statements H, I, J and K.

### *3.    Conclusion*

The court shall exclude Statements H, I, J and K, because they are inadmissible hearsay statements and they are unnecessary to make the other statements mentioned herein complete.

11

Case 1:06-cr-00155-LRR    Document 64    Filed 02/21/07    Page 11 of 12

## V. DISPOSITION

For the reasons stated above, the court hereby **ORDERS**:

(1) The government's sealed Motion to Admit Inculpatory Portions and Exclude Self-Serving Hearsay Portions of Defendant's Prior Statements (docket no. 47) is **GRANTED**.

(2) The following statements Defendant made while in Arkansas between April of 2004 and May of 2004 will be excluded from evidence during trial:

- The Pictures "had to be Roger's."

- He thought the Pictures belonged to his brother, Roger.

- He believed the Pictures belonged to his brother.

- He planned to confront his brother about the Pictures when he returned to Iowa someday.

(3) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this order.

(4) The period between the filing of the motion and this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion).

**IT IS SO ORDERED.**

**DATED** this 21st day of February, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA