# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 06-CR-155-LRR |
| vs. | ‖ | |
| JAMES HOWARD BENTLEY, | ‖ | **ORDER** |
| Defendant. | ‖ | |

_____

## TABLE OF CONTENTS

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.   PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  ALLEGATIONS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.   Instant Offenses* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.   Prior Acts of Child Molestation* . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.   A.J.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.   C.T.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*IV.   THE MOTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*V.    UNCONTESTED EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.   Videotaped Interview* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.   Testimony of Play Therapist* . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*VI.   TESTIMONY OF A.J. AND C.T.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.   Rule 414* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *1.   Propensity evidence generally disfavored* . . . . . . . . . . . . . . *6*
        *2.   Propensity evidence permitted in "child molestation" cases* . . . *6*
        *3.   Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.   Rule 403* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        *1.   Probative value* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *2.   Prejudicial effect* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

       3.    *Balancing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
   C.   *Conclusion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
**VII. DISPOSITION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*

## I. INTRODUCTION

The matter before the court is Defendant James Howard Bentley's Motion in Limine ("Motion") (docket no. 19).

## II. PROCEDURAL BACKGROUND

Defendant is charged in a six-count Second Superseding Indictment (docket no. 54). Counts 1 and 2 charge Defendant with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e). Counts 3 and 4 charge Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Counts 5 and 6 charge Defendant with Interstate Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1).

On January 9, 2007, Defendant filed the Motion. On January 29, 2007, the government filed a response. On February 9, 2007, Defendant filed a reply.

On February 9, 2007, the court held a hearing on the Motion. On February 20, 2007, the court held an evidentiary hearing. At the hearings, Assistant United States Attorney Sean R. Berry represented the government. Attorney Mark R. Brown represented Defendant, who was personally present.

## III. ALLEGATIONS

### A. Instant Offenses

The government intends to prove the following at trial:

In the fall of 2003, ten-year-old J.G. and her infant sister occasionally visited and stayed overnight at Defendant's home in Cedar Rapids, Iowa. Their mother was

2

Defendant's ex-girlfriend. Defendant was a "father figure" to J.G., and J.G. often called him "Dad."

Using a Polaroid camera, Defendant took approximately ten pornographic photographs of J.G. and her infant sister. Most of the photographs showed J.G. provocatively posed naked on a bed in Defendant's home and lasciviously displayed her genitals and pubic area. One photograph lasciviously displayed the genitals and pubic area of J.G.'s infant sister.

In April of 2004, Defendant and his family moved to Arkansas. Defendant took the pornographic photographs of J.G. and her infant sister with him.

In May of 2004, Defendant and his family moved back to Iowa. J.G. resumed spending the night at Defendant's home.

In November of 2004, J.G. told her family that Defendant was sexually molesting her. During a videotaped interview at St. Luke's Hospital in Cedar Rapids, J.G. described the sexual abuse and stated that Defendant had taken naked pictures of her and her infant sister. J.G. said the pictures came "automatically out of the camera." In December of 2004, J.G. told a play therapist that Defendant had sexually abused her.

In January of 2005, Defendant was charged in state court with sexually abusing J.G. While Defendant was in custody, his brother kidnapped and murdered J.G.[1]

---

[1] *See State of Iowa v. Roger Bentley*, No. 06521 FECR071939 (Iowa Dist. filed Mar. 28, 2005) (reflecting that a jury found Roger Bentley guilty of Kidnapping in the First Degree, in violation of Iowa Code § 710.2, and Murder in the First Degree, in violation of Iowa Code § 707.2). The Iowa state court docket may be accessed at the following address: http://www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

### B. Prior Acts of Child Molestation

At the evidentiary hearing, A.J. and C.T. testified that Defendant molested them when they were little girls. Based on such testimony, the court finds that a jury could find the following by a preponderance of the evidence:[2]

#### 1. A.J.

A.J., now fifteen years old, is Defendant's step-daughter. When A.J. was three to six years old and Defendant was living with A.J.'s mother, Defendant sexually abused A.J. in the family home. Defendant repeatedly touched A.J.'s vaginal area and chest underneath her clothes. He also told her not to tell anyone. On one occasion, Defendant had sexual intercourse with A.J. in a bedroom that Defendant shared with A.J.'s mother.

#### 2. C.T.

C.T. is now twenty one years old. When C.T. was twelve years old and her family allowed Defendant to stay in the family's basement, Defendant sexually abused C.T. in the basement on three separate occasions. Defendant partially undressed C.T., had sexual intercourse with her and told her not to tell anyone.

---

[2] Federal Rule of Evidence 104(b) applies. *See United States v. Beaulieu*, 194 F.3d 918, 922 (8th Cir. 1999) ("Evidence of uncharged child molestation is admissible if the prosecution provides enough evidence to support a finding, by a preponderance of the evidence, that the defendant committed the act." (Citation and internal quotation marks omitted.)); *see also United States v. Norris*, 428 F.3d 907, 913-14 (9th Cir. 2005) (applying Rule 104(b)) (citing *Huddleston v. United States*, 485 U.S. 681, 689-90 (1988)); *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 152-53 (3d Cir. 2002) (applying Rule 104(b) to Rule 415 evidence); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (applying Rule 104(b) to Rule 413 evidence). *See generally* David J. Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 Chi-Kent L. Rev. 15, 19 (1994) (author of Rules 413-15 anticipates that "the standard of proof with respect to uncharged offenses under [such] rules would be governed by [*Huddleston*]).

4

## IV. THE MOTION

In the Motion, Defendant asks the court to exclude the following evidence from trial: (1) the videotaped interview of J.G. at St. Luke's Hospital; (2) the testimony of J.G.'s play therapist; and (3) the testimony of A.J. and C.T.[3]

## V. UNCONTESTED EVIDENCE

### A. Videotaped Interview

Citing *Crawford v. Washington*, 541 U.S. 36 (2004), Defendant contends that admission of the videotaped interview would violate the Confrontation Clause of the Sixth Amendment. In its response, the government states that it does not intend to seek admission of the interview during its case-in-chief, cross-examination or rebuttal. Accordingly, the court shall grant Defendant's request to exclude the interview, but grant the government leave to re-raise the issue out of the presence of the jury, if necessary.

### B. Testimony of Play Therapist

Citing Federal Rules of Evidence 401, 403, 404 and 405, Defendant asks the court to exclude the testimony of J.G.'s play therapist. In its response, the government states that it does not intend to introduce the therapist's testimony "unless Defendant makes such testimony relevant." Accordingly, the court shall grant Defendant's request to exclude the therapist's testimony, but grant the government leave to re-raise the issue out of the presence of the jury, if necessary.

## VI. TESTIMONY OF A.J. AND C.T.

Defendant seeks to exclude the testimony of A.J. and C.T. pursuant to Federal Rules of Evidence 401, 403 and 404. Defendant claims that evidence that he sexually molested A.J. and C.T. is not relevant to the instant charges and, even if relevant, is "far

---

[3] Defendant does not specifically name A.J. and C.T. in the Motion, but at the February 9, 2007 hearing he clarified the issue.

5

more prejudicial than probative." The government maintains that such testimony is admissible under Rule 414 and should not be excluded under Rule 403. The government plans to use the evidence to show that Defendant has a propensity to commit sex crimes against children.

### A. Rule 414

#### 1. Propensity evidence generally disfavored

Generally, evidence of prior bad acts may not be used "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such "propensity evidence" "is ordinarily excluded because of the likelihood the jury may misuse it." *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). Propensity evidence "'tends to distract the trier of fact from the main question of what actually happened on the particular occasion.'" *Id.* (quoting Fed. R. Evid. 404 advisory committee notes (1972)). "It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Id.* The general ban on propensity evidence has deep roots in our common law tradition. *See Michelson v. United States*, 335 U.S. 469, 475-76 (1948) (discussing character evidence and the common law); *see also Harris v. Bowersox*, 184 F.3d 744, 754 (8th Cir. 1999) (stating that "the rule against propensity evidence" has a "long and celebrated history"); *United States v. Mound*, 157 F.3d 1153, 1154 (8th Cir. 1998) (Morris Shepard Arnold, J., dissenting from denial of suggestion for rehearing en banc) (discussing "a centuries-old legal tradition that views propensity evidence with a particularly skeptical eye").

#### 2. Propensity evidence permitted in "child molestation" cases

Notwithstanding the general ban on propensity evidence, Federal Rule of Evidence 414 is a "general rule[] of admissibility in . . . child molestation cases for evidence that

the defendant has committed offenses of the same type on other occasions . . . .'" *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (quoting 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). Congress enacted Rule 414 to "supersede . . . the restrictive aspects of . . . Rule 404(b)." *Id.* In pertinent part, Rule 414 provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed R. Evid. 414(a).

Rule 414 embodies a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *LeCompte*, 131 F.3d at 769. Specifically, Rule 414 recognizes that

> a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of a defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense.

140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole) (cited with approval in *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997)).

### *3. Application*

Rule 414 only applies when the charged offense and the prior bad acts that the government seeks to introduce at trial are all "offense[s] of child molestation." Fed. R.

Evid. 414(a). Defendant contends that he is charged with various child pornography offenses, not an "offense of child molestation." Defendant concludes that Rule 414 does not apply here.

Defendant's argument lacks merit. Rule 414 broadly defines "offense of child molestation" to include the charges in the Second Superseding Indictment. For purposes of Rule 414, "offense of child molestation" includes:

> a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved—
> . . .
> (2) any conduct proscribed by chapter 110 of title 18, United States Code;
> (3) contact between any part of the defendant's body or an object and the genitals or anus of a child;
> (4) contact between the genitals or anus of the defendant and any part of the body of a child;
> . . .
> (6) an attempt . . . to engage in conduct described in paragraphs (1) - (5).

Fed. R. Evid. 414(d). The Second Superseding Indictment charges Defendant with violations and attempted violations of 18 U.S.C. §§ 2251(a), 2251(e), 2252A(a)(5)(B), 2252A(a)(1) and 2252A(b)(1). All of these crimes are found in chapter 110 of Title 18, United States Code. Therefore, Defendant is accused of "offens[es] of child molestation" for purposes of Rule 414. Fed. R. Evid. 414(d)(2)-(4), (6).

Because Defendant is accused of "offens[es] of child molestation," "evidence of [his] commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). The testimony of A.J. and C.T. is evidence of Defendant's commission of other "offenses

of child molestation." A.J. and C.T. allege contact between Defendant's body and their genitals, Fed. R. Evid. 414(d)(3), as well as contact between Defendant's genitals and parts of their bodies, Fed. R. Evid. 413(d)(4). A.J. and C.T. were children at the time the offenses allegedly occurred: A.J. was between three and six years old and C.T. was twelve years old. *See* Fed. R. Evid. 414(d) (defining "child" for purposes of Rule 414 as "a person below the age of fourteen"). It does not matter that Defendant was not convicted of sexually abusing A.J. or C.T. *See* Fed. R. Evid. 414 (requiring the "commission," not "conviction," of an "offense of child molestation"). Therefore, the testimony of A.J. and C.T. is admissible pursuant to Rule 414.

### B. Rule 403

"[E]vidence offered under Rule 414 is still subject to the requirements of Rule 403." *LeCompte*, 131 F.3d at 769. Rule 403 provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.

In conducting its Rule 403 analysis, the court must recognize the "strong legislative judgment that evidence of prior sexual assaults should ordinarily be admissible." *LeCompte*, 131 F.3d at 769. "The presumption is in favor of admission." *Sumner*, 119 F.3d at 662 (citations and internal quotation marks omitted). "The underlying legislative judgment is that [evidence that is admissible pursuant to Rule 414] "is typically relevant and probative, and that its probative value is not normally outweighed by any risk of prejudice or other adverse effects." *Id.*[4]

---

[4] It appears that the Eighth Circuit Court of Appeals has never reversed a district court for admitting Rule 414 evidence over a Rule 403 objection. *See, e.g., United States v. Carter*, 410 F.3d 1017, 1021-22 (8th Cir. 2005) (affirming); *United States v. Gabe*, 237 F.3d 954, 959-60 (8th Cir. 2001) (same); *United States v. Withorn*, 204 F.3d 790, 794, (continued…)

Bearing in mind these principles, the court now weighs the probative value and the prejudicial effect of the testimony of A.J. and C.T.

### 1. *Probative value*

The court finds that the testimony of A.J. and C.T. is highly probative. If the jury finds that Defendant sexually molested A.J. and C.T., there would be evidence that Defendant has a sexual interest in children and thus has a propensity to commit the crimes alleged in the Second Superseding Indictment. *See* 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole) (stating that Rule 414 evidence is "exceptionally probative" because it "shows an unusual disposition of a defendant—a sexual or sado-sexual interest in children") (cited with approval in *Sumner*, 119 F.3d at 662).

There are also important similarities amongst Defendant's alleged sexual exploitations of A.J., C.T., J.G. and J.G.'s infant sister. All four alleged victims are female. *See Gabe*, 237 F.3d at 959 (affirming admission of Rule 414 evidence over Rule 403 objection in part because the charged conduct and prior bad acts all involved "young girls"). At the time of the alleged conduct, A.J., C.T., J.G. and J.G.'s infant sister were

---

[4](…continued)
795 (8th Cir. 2000) (same); *United States v. Eagle*, 137 F.3d 1011, 1015-1016 (8th Cir. 1998) (same); *see also United States v. Mound*, 149 F.3d 799, 800 n.2 & 801-02 (8th Cir. 1998) (affirming admission of Rule 413 evidence over Rule 403 objection in an analysis that applied equally to Rule 414); *cf. United States v. Tail*, 459 F.3d 854, 858-59 (8th Cir. 2006) (affirming admission of Rule 413 evidence over Rule 403 objection); *United States v. Medicine Horn*, 447 F.3d 620, 622-23 (8th Cir. 2006) (same); *United States v. Blazek*, 431 F.3d 1104, 1108-09 (8th Cir. 2005) (same), *cert. denied*, 126 S. Ct. 1800 (2006); *United States v. Fool Bull*, 32 Fed. Appx. 778, 779-80 (8th Cir. 2002) (same); *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (same). *But see United States v. Johnson*, 54 Fed. Appx. 453, 454 (8th Cir. 2002) (affirming conviction "by the narrowest of margins" on harmless error grounds). It has reversed a district court for excluding such evidence. *See, e.g.*, *LeCompte*, 131 F.3d at 768-70.

all young children: A.J. was 3 to 6; C.T. was 12, J.G. was 10; and J.G.'s sister was an infant. *See id.*; *United States v. Withorn*, 204 F.3d 790, 794 (8th Cir. 2000) (affirming admission of Rule 414 evidence over Rule 403 objection in part because charged conduct and prior bad acts all involved children of the same age); *see also United States v. Carter*, 410 F.3d 1017, 1022 (8th Cir. 2005) (affirming admission of Rule 414 evidence where charged conduct and prior bad acts all involved "young, teenaged girls"). All four girls were visiting or living in Defendant's residence at the time of the alleged abuse. *See Gabe*, 237 F.3d at 960 (affirming admission of Rule 414 evidence over Rule 403 objection where the defendant had a "propensity to molest young children in his family when presented with an opportunity to do so undetected"). A.J. is Defendant's step-daughter, Defendant lived with C.T. and J.G. considered Defendant a father figure and called him "Dad." *See id.* at 959-60 (affirming admission of Rule 414 evidence over Rule 403 objection in part because charged conduct and prior bad acts all involved relatives); *LeCompte*, 131 F.3d at 769 (affirming admission of Rule 414 evidence over Rule 403 objection in part because charged conduct and prior bad acts all involved sexual abuse against the defendant's young nieces). These similarities strengthen the probative value of the prior bad acts evidence in this case.

      The court recognizes that there are differences between the alleged prior bad acts and the charged conduct. For example, whereas the alleged prior bad acts involve the physical sexual abuse and rape of children, Defendant is charged with the production, possession and transportation of child pornography. Such differences, however, are not as great as they might seem at first glance. The child pornographer, like the child rapist, displays a sexual interest in children. *See* 140 Cong. Rec. S12900 (daily ed. Sept. 20, 1994) (statement of Sen. Dole) (stating that Rule 414 evidence is "exceptionally probative" because it "shows an unusual disposition of a defendant—a sexual or sado-sexual interest

11

in children") (cited with approval in *Sumner*, 119 F.3d at 662). Moreover, producing, possessing or transporting pornographic photographs of children are, in themselves, forms of child sexual abuse. *See, e.g.*, Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587, 624, at § 501(2)(D) (July 27, 2006) ("Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse.").[5] Congress implicitly recognized these similarities between acts of physical sexual abuse against children and child pornography offenses when it commonly defined them as "offenses of child molestation" within the ambit of Rule 414. *See* Rule 414(d); *cf. United States v. Julian*, 427 F.3d 471, 488 (7th Cir. 2005) (holding that evidence of a distinguishable prior sexual assault was admissible under Federal Rule of Evidence 413 because, based on the evidence, "a jury might reasonably infer from the prior conviction that [the defendant] was a pedophile and in turn surmise that [the defendant's conduct] was not as innocent as the defense made it out to be").

One additional fact adds further strength to the probative value of the prior bad acts evidence in this case: the victims of the charged conduct are unavailable to testify. J.G. is dead, and J.G.'s infant sister was apparently too young to remember anything now. The

---

[5] The thriving business of child pornography is certainly not victimless. *See, e.g.*, Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587, 623, at § 501 (July 27, 2006) (recognizing that child pornography is "a multimillion dollar industry" that consists of "a nationwide network of individuals openly advertising their desire to exploit children"). For example, to produce child pornography, the photographer must pose the child in a lascivious manner. This is undoubtedly a form of child sexual abuse. The abuse is repeated every time the child pornography is possessed or transported. *See id.* § 501(2)(D); *see also id.* § 501(1)(A) ("The illegal production, transportation, distribution, receipt, advertising and possession of child pornography . . . is harmful to the psychological, emotional, and mental health of the children depicted in the child pornography . . . .")

12

need for evidence beyond the testimony of Defendant and the alleged victims is thus greater here than in many other cases. *See United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998) (directing district courts to consider four factors, including "the need for evidence beyond the testimony of the defendant and the alleged victim" in the Rule 403 analysis when Rule 413 evidence is at issue) (cited with approval in *Gabe*, 237 F.3d at 959); *see also Blind-Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002) (requiring consideration of five factors, including "the necessity of the evidence beyond the testimonies already offered at trial"); *cf. Old Chief v. United States*, 519 U.S. 172, 182-83 (1997) ("If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk.").[6]

In sum, the court finds that the testimony of A.J. and C.T. has high probative value. Based on such testimony, a jury could find that Defendant has a propensity to commit sexual crimes against young females, including child pornography offenses. In other words, if Defendant sexually molested A.J. and C.T., it is more likely that he produced, possessed and transported child pornography of J.G. and her infant sister.

### 2. *Prejudicial effect*

Defendant opines that the testimony of A.J. and C.T. "is far more prejudicial than

---

[6] The court recognizes that the Eighth Circuit Court of Appeals has not explicitly sanctioned consideration of the need for evidence beyond the testimony of the defendant and the alleged victims. The court predicts that the Eighth Circuit Court of Appeals would adopt the reasoning of the Ninth and Tenth Circuit Courts of Appeal. *See, e.g., In re Miller*, 276 F.3d 424, 428-29 (8th Cir. 2002) (giving some deference to reasoned decision of sister circuit). Out of an abundance of caution, however, the court conducted the required Rule 403 balancing test without considering such factor, and it reached the same result.

13

probative," because the government will invite the jury to use such propensity evidence to convict him. This argument, however, ignores that the very purpose of Rule 414 evidence is to show propensity. In other words, "[b]ecause propensity evidence is admissible under Rule 414, this is not *unfair* prejudice." *Gabe*, 237 F.3d at 960 (emphasis in original). Defendant has not shown that he will be unfairly prejudiced by the introduction of evidence of his alleged molestation of A.J. and C.T. "Rule 403 must be applied to allow Rule 414 its intended effect." *LeCompte,* 131 F.3d at 769.

Defendant's argument is similar to an argument that the Eighth Circuit Court of Appeals rejected in *LeCompte*. In *LeCompte*, a district court excluded Rule 414 evidence pursuant to Rule 403. The district court reasoned that the "unique stigma" of an allegation of child molestation posed a danger of unfair prejudice to the defendant, insofar as the jury might convict the defendant for his prior bad acts. 131 F.3d at 770. In reversing, the Eighth Circuit Court of Appeals observed:

> This danger is one that all propensity evidence in such trials presents. It is for this reason that the evidence was previously excluded [before Congress enacted Rule 414], and it is precisely such holdings that Congress intended to overrule. On balance, then, we hold that the motion in limine should not have been granted.

*Id*. (citations omitted). In other words, the evidence is prejudicial "for the same reason it is probative." *Gabe*, 237 F.3d at 960. It tends to show that Defendant has a propensity to commit sex crimes against children in his home when he has an opportunity to do so undetected. The court does not find that the testimony "present[s] any danger of . . . prejudice beyond that which all propensity evidence in such trials presents . . . ." *Withorn*, 204 F.3d at 794-95 (citation and internal quotation marks omitted).

Defendant rejoins that the alleged prior bad acts are as much as ten years old and

14

opines that to force him to defend against such allegations would amount to "anarchy." Defendant has not, however, pointed out any unfair prejudice. "When Rule 414 was enacted, Congress explicitly rejected imposing any time limit on prior sex offense evidence." *Gabe*, 237 F.3d at 960; *see also* 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari) (quoted in part in *Gabe*, 237 F.3d at 960 n.4) ("[A]s a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses."). Moreover, the Eighth Circuit Court of Appeals has affirmed the admission of prior bad acts evidence that was approximately twenty years old. *Gabe*, 237 F.3d at 960. The passage of time obviously raises questions of reliability, but such matters are ripe for cross-examination and are best resolved by the jury. *See id.* ("The passage of time certainly raises reliability issues . . . . But it is reasonable to assume that a victim of child abuse is not likely to forget such a traumatic event.").

In sum, the court finds that the risk of unfair prejudice to Defendant is low. Out of an abundance of caution, however, the court shall give the jury a cautionary instruction.[7] *See, e.g., United States v. Mound*, 149 F.3d 799, 800 n.2 & 802 (8th Cir.

---

[7] The parties agree that, if the court admits the Rule 414 evidence, the following cautionary jury instruction is proper:

> You have heard a certain category of evidence called "other acts" evidence. Here, you have heard evidence that the defendant may have sexually abused A.J. and/or C.T. You may consider the "other acts" evidence to decide the issues of Defendant's intent and inherent tendency to commit the acts charged in the Indictment. "Other acts" evidence must be proven by a preponderance of the evidence; that is, you must find that the evidence is more likely true than not true. This is

(continued…)

15

1998) (approving of a cautionary instruction for Rule 413 and 414 evidence); *see also United States v. Carter*, 410 F.3d 1017, 1022 (8th Cir. 2005) (affirming admission of Rule 414 evidence over Rule 403 objection and noting that the district court "g[a]ve the jury a cautionary instruction with respect to how the witnesses' testimony should be used"); *see also United States v. Tail*, 459 F.3d 854, 858-59 (8th Cir. 2006) (approving of a cautionary instruction for Rule 413 evidence); *United States v. Medicine Horn*, 447 F.3d 620, 623-24 (8th Cir. 2006) (same).

### 3. *Balancing*

Balancing the probative value and the prejudicial effect of the testimony of A.J. and C.T., the court finds that its probative value is not substantially outweighed by its prejudicial effect.

---

[7](…continued)
> a lower standard than proof beyond a reasonable doubt. If you find that this evidence is proven by a preponderance of the evidence, you should give it the weight and value you believe it is entitled to receive. If you find that it is not proven by a preponderance of the evidence, then you shall disregard such evidence.
>
> Remember, even if you find that the defendant may have committed similar acts, this is not evidence that he committed the acts charged in this case. You may not convict a person simply because you believe he may have committed similar acts. The defendant is on trial only for the crimes charged, and you may consider the evidence of other acts only on the issues of Defendant's intent and inherent tendency to commit the acts charged in the Indictment.

Proposed Instruction No. 22 (docket no. 59); *accord Mound*, 149 F.3d at 802.

16

### C. Conclusion

Accordingly, the court shall deny Defendant's request to exclude the testimony of A.J. and C.T. pursuant to Rule 403.

### VII. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) The Motion (docket no. 19) is **GRANTED IN PART AND DENIED IN PART**;

(2) The parties shall not directly or indirectly refer to or elicit answers from witnesses on prohibited subjects in the presence of the jury. Each party is charged with the responsibility of cautioning their witnesses and making them aware of the court's Order;

(3) If the government believes that Defendant has "opened the door" to any of the prohibited subjects, counsel for the government must ask the court's permission, outside the presence of the jury, before mentioning such subject in the presence of the jury; and

(4) The period between the filing of the Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon).

**DATED** this 21st day of February, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA